## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

EDNA M. SILVA,

          Plaintiff,

-vs-                                            Case No.  2:07-cv-517-FtM-29SPC

K. HOVNANIAN FIRST HOMES, LLC  d/b/a
FIRST HOME BUILDERS OF FLORIDA, KIRBY
LOTTRIDGE, BUSEY BANK, FIRST HOME
TITLE, LLC d/b/a FIRST HOME TITLE,
BUILDERS MORTGAGE COMPANY, LLC and
WELLS FARGO BANK, N.A.

          Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on Busey Bank N.A.'s Second Motion to Quash (Doc. #26) filed on October 4, 2007.  No response has been filed in opposition to the Motion, however, due to the pure procedural nature of the Motion to Quash no response is required in order for the Court to make it's recommendation.

      The Plaintiff filed suit in the Circuit Court for the 20th Judicial Circuit in and for Lee County, Florida.  The Defendant had the case removed to the United States District Court for the Middle District of Florida on August 15, 2007.  The Plaintiff's Complaint arises out of a loan issued by Busey Bank for the purchase of a house from First Home Builders for $219,274.00.  The Plaintiff originally served Corporation Service Company, the registered agent for Busey Bank.  However, Busey Bank, which has its principal offices in Urbana, Illinois did not engage in the financial transaction with the Plaintiff.  Accordingly, this Court issued a Report and Recommendation (R & R) (Doc. # 18)

recommending that the original service of process be quashed.  On September 26, 2007, the District Court issued an order adopting this Court's R & R and quashed the original service of process.

Busey Bank N.A. now moves to quash the Plaintiff's second attempt at service.  Busey Bank, N.A., is a federally charted national bank with its principle office in Lee County, Florida, and is the financial institution that engaged in the loan transaction with the Plaintiff.  The Plaintiff served Michael Geml, as the registered agent for Busey Bank N.A.  Geml is not the registered agent for Busey Bank N.A, and in fact Busey Bank N.A. does not have a registered agent.  Instead, Geml was a director at the time of service and continues at the present time to serve as a director of Busey Bank, N.A.

Busey Bank, N.A. further asserts that Geml was not personally served, but instead  the complaint and summons were left at the receptionist desk in the bank's lobby.  Geml stated that he received the summons and complaint the next day when they were placed in his in basket.  Busey Bank, N.A. now moves the Court to quash the second attempted service of process as ineffectual.

Pursuant to Fed R. Civ. P. 4(h), service upon a corporation is effected when:

> [u]nless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. . . .

 The Florida Rules of Civil Procedure state that "at the time of personal service of process, a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ.

P. 1.070.   A corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a-d).  The conditions imposed by Florida Stat. § 48.081 must be strictly complied with. S.T.R. Industries, Inc. v. Hidalgo Corporation, 832 So. 2d 262, 263 (Fla. 3d DCA 2002); Richardson v. Albury, 505 So. 2d 521, 522-523 (Fla  2d DCA 1987).

The Plaintiff served Michael Geml at Busey Bank, N.A. as the Defendant's registered agent. However, Geml is not the Defendant's registered agent.  In fact, the Defendant acknowledges that it does not have a designated registered agent.  The process server left the summons with the receptionist at Busey Bank, N.A.  It was not served upon one of the officers designated in the statute.  Geml filed an Affidavit (Doc. # 27) with the Court asserting that he is not the Registered Agent nor one of the officers delineated in the statute.  Geml further states the process server never requested to see one of the officers listed in the statute.  Although Geml does admit he was at that time, and still is, a director of Busey Bank, N.A.

In this instance, the service of process was made upon a receptionist in the lobby of the bank and ordinarily service would not be properly effected under Florida law. See National Safety Associates, Inc. v. Allstate Insurance Co., 799 So. 2d 316 (Fla. 2d DCA 2001) (holding that to obtain personal jurisdiction over a corporate defendant a return of process showing service on an inferior officer of a corporation must show that all superior officers designated in the statute governing service on a corporations were absent when service was attempted); Nationsbanc Mortgage Corporation v. Gardens North Condominium, 764 So. 2d 883, 884 ( Fla. 4th DCA 2000) (holding that service upon a corporations receptionist was improper service).

However, Fla.  Stat. § 48.091 reads in pertinent part:

> (1) [e]very Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.
>
> (2) Every corporation shall keep the registered office open from 10a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

If a defendant fails to have a registered agent registered with the Department of State, Division of Corporations, a Plaintiff can serve process on any employee in the corporation. Richardson, 505 So. 2d at 522-523. Here, the Defendant acknowledges that it failed to comply with Fla. Stat. 48.091.

Even though the Defendant failed to comply with Fla. Stat. § 48.091, the Defendant argues from McClendon v. Cardinal Health, Inc., 8:04-cv-2737-T-27-TBM, that the service was ineffective. The Defendant states service of process was invalid because the McClendon Court held that service of process left at a guard shack was insufficient even though the Defendant failed to comply with the requirements of Fla. Stat. § 48.091.

In McClendon, the process server did not ask to deliver the summons and complaint to a particular person or any person holding a particular position with the corporation, but instead stated he was attempting to serve the Defendant Cardinal Health Service. Id. at (Doc. # 5, p.2.). The process server was not allowed on the corporations premises and was informed that no one inside would come out and receive service. Id. The process server then left the summons and complaint at the guard shack with the knowledge that the guards could not accept service for the Defendant. Id.

Contrary to the circumstances in McClendon, the Plaintiff specifically asked to serve Geml at the Defendant's place of business. When Geml was not available, the process server left the

summons and Complaint with the receptionist, who was an employee of the company.  Although Geml was not the registered agent, he was and is a director in the company.  Under the statute a director is one of the officers who can be served with process.

Since, the Defendant failed to comply with Fla. Stat. § 48.091, the service on the receptionist, an employee of the Defendant was effective. <u>Richardson</u>, 505 So. 2d at 522-523.  As such, it is respectfully recommended the Motion to Quash should be denied and that service should be deemed effective.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

Busey Bank N.A.'s Second Motion to Quash (Doc. #26) should be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this   18th   day of October, 2007.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record